IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| Robert Salley,<br><br>       Plaintiff,<br><br>vs.<br><br>Officer Paul Myers,<br><br>       Defendant. | C/A No.: 3:17-3425-JFA-PJG<br><br><br>**ORDER** |

## I. INTRODUCTION

Robert Salley, ("Plaintiff"), brings this action raising claims pursuant to 42 U.S.C. § 1983 against Officer Paul Myers ("Defendant"). This case arises out of Plaintiff's arrest on January 15, 2014. On August 23, 2018, Defendant filed a Motion for Summary Judgment. (ECF No. 24). On September 6, 2018, Plaintiff, through counsel, responded. (ECF No. 26). On September 13, 2018, Defendant replied to Plaintiff's response. (ECF No. 27). In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2)(c) (D.S.C.), the case was referred to the Magistrate Judge.

The Magistrate Judge assigned to this action[1] prepared a thorough Report and Recommendation ("Report") and opines that this Court should grant Defendant's Motion for Summary Judgment because Plaintiff fails to show he can put forth evidence to meet all the

---

[1] The Magistrate Judge's review is made in accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2)(c) (D.S.C.). The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b).

elements of malicious prosecution. (ECF No. 28). The Report sets forth, in detail, the relevant facts and standards of law on this matter, and this Court incorporates those facts and standards without a recitation.

The Court is charged with making a *de novo* determination of those portions of the Report to which specific objections are made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b)(1). However, a district court is only required to conduct a *de novo* review of the specific portions of the Magistrate Judge's Report to which an objection is made. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b); *Carniewski v. W. Virginia Bd. of Prob. & Parole*, 974 F.2d 1330 (4th Cir. 1992). In the absence of specific objections to portions of the Report of the Magistrate, this Court is not required to give an explanation for adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983).

Plaintiff was advised of his right to object to the Report, which was entered on the docket on December 4, 2018. (ECF No. 29). Plaintiff, through counsel, filed objections to the Report ("Objections") on December 5, 2018. (ECF No. 23). On December 19, 2018, Defendant filed a Reply to Plaintiff's Objections. (ECF No. 32). On January 3, 2019, Plaintiff filed a supplement to his Objections and Response in Opposition to Defendant's Motion for Summary Judgment. (ECF No. 35). Thus, this matter is ripe for review.

## II. FACTUAL AND PROCEDURAL HISTORY

The Report recites the factual and procedural background giving rise to this action. Briefly, Defendant arrested Plaintiff on January 15, 2014, for violating City of Columbia Code § 22-72, "Congregating on streets and sidewalks." The events leading up to Plaintiff's arrest are disputed.

According to Plaintiff, on January 15, 2014, he was walking toward a bus stop located at the corner of Sumter Street and Laurel Street to catch a bus. Plaintiff asserts as he was walking along Sumter Street, Defendant and another City of Columbia police officer approached him from a parking lot adjacent to the sidewalk and told him he was blocking the sidewalk. Plaintiff thought the officers were kidding and tried to walk between them, but the officers grabbed him. Plaintiff claims he asked the officers "What's wrong with you?" to which Defendant responded that Plaintiff was "blocking the sidewalk." Plaintiff claims he pointed out a man on the sidewalk drinking beer, but Defendant said "no, I want you." Plaintiff claims that Defendant stated twice he was "making a statement" by arresting Plaintiff. Defendants handcuffed Plaintiff and searched his person. According to Plaintiff, he asked the officers what they were doing, and Defendant asked if Plaintiff was trying to avoid being arrested and stated "I'm looking for drugs."

Defendant's version of events leading up to the arrest is different. According to Defendant, he observed Plaintiff and another man standing on the sidewalk in front of the bus station for seven to ten minutes. Defendant claims "a few people" had to walk onto Sumter Street to walk around Plaintiff and the other man. Defendant asserts at the time, that section of Sumter Street was busy with pedestrians and buses pulling up to the sidewalk. Defendant claims he approached Plaintiff and the man Plaintiff was speaking with walked away. Defendant testified he asked Plaintiff to move and explained he needed him to do so because he was blocking the sidewalk for pedestrians. Defendant claims he tried to explain to Plaintiff his objective was to make Plaintiff move, but Plaintiff became very hostile, confrontational, and even called Defendant a "white piece of [expletive]." Defendant claims he handcuffed Plaintiff to effect an arrest because Plaintiff refused to move. According to Defendant, he patted Plaintiff down for weapons because of Plaintiff's

demonstrated hostility toward Defendant and Plaintiff continued yelling after he was handcuffed. Defendant claims he did not search Plaintiff for drugs.

After Defendant uncuffed plaintiff, he issued him a uniform traffic citation for violating City of Columbia Code § 22-72, "Congregating on streets and sidewalks." The citation summoned Plaintiff to the municipal court, providing an appearance date of January 17, 2014. However, Plaintiff immediately went to the municipal court following his arrest and filled out a jury trial request form. Plaintiff was summoned to appear at a roster meeting on July 25, 2017, where he again demanded a jury trial, which was set for August 7, 2017. When Plaintiff appeared for his trial, Plaintiff and Defendant spoke. Plaintiff claims Defendant said he arrested Plaintiff because he thought he "had drugs," and then dropped the charges.

According to Defendant, he decided not to prosecute Plaintiff because he wanted to "cut him a break" due to Plaintiff's age and the length of time that had passed since the arrest. Defendant testified that Plaintiff indicated the *nolle prosequi* was fine with him. Defendant gave Plaintiff a "Letter of Disposition" indicating the municipal charge was *nolle prossed*.

On November 7, 2017, Plaintiff filed a lawsuit against Defendant in the Richland County Court of Common Pleas asserting claims of claims of false arrest and imprisonment and malicious prosecution pursuant to 42 U.S.C. § 1983. Thereafter, Defendant removed this case to federal court and moved for summary judgment.

### III. SUMMARY JUDGMENT STANDARD

Summary judgment should be rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits show "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The movant has the burden of proving that summary judgment is appropriate. Once the movant makes the showing,

however, the opposing party must respond to the motion with "specific facts showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986) (quoting Fed. R. Civ. P. 56).

When no genuine issue of any material fact exists, summary judgment is appropriate. *See Shealy v. Winston*, 929 F.2d 1009, 1011 (4th Cir. 1991). In deciding a motion for summary judgment, the facts and inferences to be drawn from the evidence must be viewed in the light most favorable to the non-moving party. *Id*. However, "the mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact." *Anderson*, 477 U.S. at 247–48.

"[O]nce the moving party has met [its] burden, the nonmoving party must come forward with some evidence beyond the mere allegations contained in the pleadings to show that there is a genuine issue for trial." *Baber v. Hospital Corp. of Am.*, 977 F.2d 872, 874–75 (4th Cir. 1992). The nonmoving party may not rely on beliefs, conjecture, speculation, or conclusory allegations to defeat a motion for summary judgment. *See id.* Rather, the nonmoving party is required to submit evidence of specific facts by way of affidavits, depositions, interrogatories, or admissions to demonstrate the existence of a genuine and material factual issue for trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

## IV. DISCUSSION

The Magistrate opines that Defendant's Motion for Summary Judgment should be granted because Plaintiff fails to forecast any evidence that the criminal proceedings terminated in his favor and thus Plaintiff fails to show that he can put forth evidence that would meet all of the elements of a malicious prosecution claim. (ECF No. 29).

The Magistrate Judge suggests: "Salley asks the court to infer based on circumstances that Myers's claims are untruthful and that Myers feared that Salley would obtain an acquittal, but the court can find no evidence in the record that would support such speculation." (ECF No. 29 p. 8).

Plaintiff makes three specific objections to the Report and each objection will be addressed in turn. Plaintiff's three specific objections all address the Magistrate's suggestion that Plaintiff fails to show he can put forth evidence to show that the criminal proceedings terminated in his favor. As an initial matter, it should bear mention that Plaintiff does not challenge the constitutionality of City of Columbia Code § 22-72, "Congregating on streets and sidewalks."

### a. First Objection

First, Plaintiff objects that the Report gives no weight to the evidence of Plaintiff's innocence. Plaintiff claims "the evidence of Mr. Salley's innocence is his testimony (detailed in his opposition to Myers' motion for summary judgment)[.]" (ECF No. 30 p. 2). Plaintiff claims that his testimony is his evidence of innocence and is "given no weight whatsoever by the R&R." Plaintiff then summarizes his testimony regarding his innocence by stating:

> Concerning his citation, Mr. Salley's testimony is fairly summarized to describe how he was (1) walking (not congregating) on the public sidewalk, (2) seized by the Defendant, (3) illegally searched, (4) detained, and (5) ticketed for allegedly congregating. Mr. Salley's conduct after receiving the citation corroborates his contention his rights were violated as he immediately (6) attempted to file a complaint with the City manager, (7) filed a complaint with the Columbia Police Department's (CPD's) office of internal affairs, (8) demanded a jury trial, (9) appeared during a roster meeting and (again) demanded a jury trial, and (10) appeared the day of his trial only to discover Myers had *nolle prossed* the case.

(ECF No. 30 p. 2) (citations omitted). Plaintiff argues that while the Report notes the parties offered "starkly different testimony" about the arrest, the Report "ignores whether this evidence is consistent with Mr. Salley's innocence." *Id.*

In response, Defendant argues that "the only evidence in the record regarding 'why' these charges were nolle prossed is the testimony of Defendant Myers[.]" (ECF No. 32 p. 5). Defendant asserts that Plaintiff has not set forth any evidence to contradict Defendant's testimony he was giving Plaintiff a break when he dismissed his case. (ECF No. 32 p. 3). Defendant claims that "Plaintiff attempts to confuse the issue in his objections by citing to disputed evidence that relates to the probable cause element of the claim." (ECF No. 32 p. 2). Defendant concludes that Plaintiff's objection that the Magistrate gave more weight to Defendant's testimony is "unfounded because Plaintiff has not set forth any relevant evidence to even consider." *Id.* at p. 3.

Here, the Magistrate Judge correctly opines that Plaintiff has not put forth any evidence in the record showing the criminal proceedings terminated in Plaintiff's favor. (ECF No. 29). "A 'malicious prosecution claim under § 1983 is properly understood as a Fourth Amendment claim for unreasonable seizure which incorporates certain elements of the common law tort.'" *Evans v. Chalmers*, 703 F.3d 636, 647 (4th Cir. 2012) (quoting *Lambert v. Williams,* 223 F.3d 257, 261 (4th Cir. 2000)). To state a claim for malicious prosecution, "a plaintiff must allege that the defendant (1) caused (2) a seizure of the plaintiff pursuant to legal process unsupported by probable cause, and (3) criminal proceedings terminated in plaintiff's favor." *Evans*, 703 F.3d at 647.

The element that criminal proceedings terminated in the plaintiff's favor "is satisfied where a prior criminal case against the plaintiff has been disposed of in a way that indicates the plaintiff's innocence." *Snider v. Seung Lee*, 584 F.3d 193, 202 (4th Cir. 2009). Following the Restatement (Second) of Torts §660, the South Carolina Supreme Court held "where an accused establishes that charges were *nolle prossed* for reasons which imply or are consistent with innocence, an action for malicious prosecution may be maintained." *McKenney v. Jack Eckerd Co.*, 304 S.C. 21, 22, 402 S.E.2d 887, 888 (1991). Additionally, the Fourth Circuit Court of Appeals has indicated that

"the South Carolina Supreme Court would agree with other courts that have also relied on the Restatement's formulation of the rule insofar as they have imposed upon malicious prosecution plaintiffs the affirmative burden of proving that the *nolle prosequi* was entered under circumstances which imply or are consistent with innocence of the accused." *Nicholas v. Wal-Mart Stores, Inc.*, 33 F. App'x 61, 64–65 (4th Cir. 2002).

As an initial matter, Plaintiff misquotes and misapplies *Nicholas v. Wal-Mart Stores, Inc.*, 33 F. App'x 61, 65 (4th Cir. 2002). Plaintiff quotes *Nichols* by stating the following: "As the Fourth Circuit has explained, a dismissal consistent with innocence is established when '*[t]he circumstances* compel an inference that there existed a lack of reasonable grounds to pursue the criminal prosecution.'" (ECF No. 30 p. 1) (quoting *Nicholas*, 33 F. App'x at 65)). However, contrary to Plaintiff's quotation, *Nicholas* actually states: "The circumstances surrounding the abandonment of the criminal proceedings *must* compel an inference that there existed a lack of reasonable grounds to pursue the criminal prosecution." *Nicholas*, 33 F. App'x at 65. (emphasis added). Here, accepting all of Plaintiff's testimony as true, the evidence does not compel an inference that there existed a lack of reasonable grounds to pursue the criminal prosecution.

Plaintiff is incorrect that his testimony is "given no weight whatsoever by the R&R." This Court agrees with Plaintiff that the facts must be viewed in light most favorable to Plaintiff as the nonmoving party. However, accepting all of Plaintiff's testimony as true, Plaintiff has still not set forth evidence showing that Plaintiff's charge was *nolle prossed* for a reason implying his innocence. Further, none of Plaintiff's testimony points to any evidence to contradict Defendant's testimony regarding why Plaintiff's charge was *nolle prossed*. Thus, Plaintiff's objection is without merit.

### b. Second Objection

Next, Plaintiff objects by stating "under the standard applied by the R&R, few, if any, constitutional tort claims for malicious prosecution would survive a self-serving, post-hoc explanation for dismissing a case. The law does not impose so high a burden." (ECF No. 30 p. 3).

Plaintiff relies on *McKenney v. Jack Eckerd Company* and asserts that the case is "[t]he better analog." Plaintiff's second objection states:

> Put differently, [in *McKenny*,] there was evidence the malicious prosecution plaintiff did not commit the crime that was consistent with the conclusion the charge was *nolle prossed* for that reason. Whether that was the case was a question for the jury; but that evidence, if credited, was held sufficient to prove the criminal proceeding was terminated in the plaintiff's favor. Mr. Salley's testimony serves the same function here—it establishes he did not commit the offense alleged and intended to hotly contest the issue at trial—and, if credited by the jury, satisfies his obligation to prove the congregating charge was terminated in his favor.

(ECF No. 30 p. 3).

However, Plaintiff's reliance on *McKenney* is misplaced. In *McKenney*, the plaintiff paid the drug store by check, and due to bank error, the plaintiff's check was returned to the drug store labeled "insufficient funds." *McKenney*, 304 S.C. at 22, 402 S.E.2d at 887. However, shortly after the check was returned to the drug store, the bank notified the drug store of the bank's error. *Id.* About a month after the drug store learned about the bank's error regarding the plaintiff's check, the drug store swore out a fraudulent check warrant against the plaintiff. *Id.* After the plaintiff's case was *nolle prossed*, the plaintiff brought a claim for malicious prosecution against the drug store. *Id.* The court of appeals affirmed summary judgment in favor of the drug store based on South Carolina precedent "holding that a *nolle prosse* is not sufficient termination of a criminal prosecution to support an action for malicious prosecution." *Id.*

In *McKenney*, the South Carolina Supreme Court abandoned the minority rule previously followed by South Carolina courts and adopted the majority rule holding "where an accused

establishes that charges were *nolle prossed* for reasons which imply or are consistent with innocence, an action for malicious prosecution may be maintained." *Id.* Thus, in light of the new majority rule adopted regarding *nolle prossed* cases, the court reversed and remanded the lower court's grant of summary judgment. *Id.*

Contrary to Plaintiff's argument, *McKenney* is distinguishable from this case because in *McKenney*, there was actual evidence that the drug store *knew* the plaintiff's check was marked insufficient funds due to bank error. In *McKenney*, the facts were: (1) the plaintiff's check was returned to the drug store marked "insufficient funds" due to bank error; (2) the bank notified the drug store of the bank's error; and (3) knowing about the bank's error, the drug store still swore out a fraudulent check warrant against the plaintiff; and (4) thereafter, the plaintiff's case was *nolle prossed*.

Plaintiff argues that here, Plaintiff's testimony "serves the same function" as the evidence in *McKenney* because "it establishes [Plaintiff] did not commit the offense alleged and intended to hotly contest the issue at trial—and, if credited by the jury, satisfies his obligation to prove the congregating charge was terminated in his favor." (ECF No. 30 p. 3). However, Plaintiff's reliance on *McKenney* is misplaced because here, there is not actual evidence in the record that Plaintiff was innocent of the charge like there was in *McKenney*. In fact, Plaintiff has failed to point this Court to any evidence contradicting Defendant's claim that the charge was *nolle prossed* because Defendant wanted to cut Plaintiff a break.

Next, Plaintiff argues that this case is different from *Hewitt v. D.P Garrison*, which the Report cites "for the proposition that a simple unexplained dismiss 'that results in the dismissal of charges for reasons other than the defendant's innocence does not satisfy the favorable termination

requirement.'" (ECF No. 30 p. 4). Plaintiff attempts to distinguish *Hewitt* from the record in this case by stating:

> Notably, in Hewitt, not only was there no evidence suggesting innocence, but the plaintiff's claim that the officer failed to conduct a proper and thorough investigation of the dismissed charges was undercut by an arrest warrant issued by a neutral magistrate and backed by probable cause. Here, Myers decision to arrest and cite Mr. Salley is predicated solely on his purported observations of an offense, which Mr. Salley has challenged as false at every available opportunity. Further distinguishing that case from this one is the fact that the *nolle prosse* was issued by an assistant solicitor, not the defendant officer. Thus, unlike this case, there was no inference to be drawn (absent some further evidence) that the prosecutor's decision sought to rectify some bad act by the arresting officer.

(ECF No. 30 p. 4) (citation omitted).

Although Plaintiff attempts to distinguish *Hewitt* by arguing "Myers decision to arrest and cite Mr. Salley is predicated solely on his purported observations of an offense, which Mr. Salley has challenged as false at every available opportunity[,]" Plaintiff has not actually presented any evidence in the record showing that Plaintiff's charge was *nolle prossed* for a reason implying his innocence. Plaintiff's argument appears to cast the burden on Defendant; however, Plaintiff carries the affirmative burden of proof to show the criminal proceedings were terminated in his favor. *See Nicholas*, 33 F. App'x at 64–65. Further, Plaintiff has cited no authority for the proposition that because Defendant was the arresting officer and also the decision-maker to *nolle prose* the case there is an inference to be drawn that the decision "sought to rectify some bad act by the arresting officer." Therefore, Plaintiff's objection is without merit.

### c. Third Objection

Lastly, Plaintiff objects by stating "the R&R concluded that any conclusion other than the explanation offered by Myers during his deposition is speculative when a more accurate reading of the record lends credence to Mr. Salley's claim that Myers sought to avoid justifying his conduct to a jury of Mr. Salley's peers." (ECF No. 30 p. 4). Plaintiff argues that the Report credits

Defendant's word over Plaintiff's, which "runs afoul of a court's basic obligation at summary judgment to merely ensure the sufficiency of the evidence while leaving questions of weight, credibility, and inferences for the jury." *Id.* at 4–5. Further, Plaintiff asserts that the Report believes "Myers' claim he was exercising mercy to the exclusion of Mr. Salley's testimony the congregating charge was predicated on a lie . . . ." (ECF No. 30 p. 5).

In response, Defendant argues that instead of presenting any evidence contrary to Defendant's testimony, Plaintiff has rested on his allegations that Defendant is lying. (ECF No. 32 p. 4). This Court agrees.

The Magistrate Judge correctly opines that Plaintiff fails to forecast any evidence that the criminal proceedings terminated in his favor. In his third objection, Plaintiff again argues that the Report believes Defendant's testimony that he *nolle prossed* the case as an act of mercy over Plaintiff's testimony that "the congregating charge was predicated on a lie." However, as the Magistrate correctly points out, Plaintiff has an affirmative burden to show the charge was *nolle prossed* in a way that indicates his innocence, and Plaintiff has failed to point to any evidence to contradict Defendant's testimony. Plaintiff merely states that the Magistrate fails to believe the bald assertion "the congregating charge was predicated on a lie," without pointing to any evidence in the record to support his claim. Therefore, Plaintiff's last objection is without merit.

### d. Plaintiff's notice of supplemental authority

After Defendant filed a Reply to Plaintiff's Objections, on January 3, 2019, Plaintiff filed a supplement to his Objections and Response in Opposition to Defendant's Motion for Summary Judgment. (ECF No. 35). Plaintiff cites to the Fourth Circuit opinion *Williamson v. Stirling*, No 17-6922, 2018 WL 6711228 (4th Cir. Dec. 21, 2018). Plaintiff notes that this case supports its objection that the Report applied the wrong legal standard and ignored evidence. (ECF No. 35).

Plaintiff again argues that the Report "*credit[s] as true* the testimony of Defendant Officer Paul Myers on a hotly disputed issue." *Id.* However, as discussed at length above, even viewing all the facts in light most favorable to Plaintiff, Plaintiff has failed to forecast any evidence that the criminal proceedings terminated in his favor. Thus, to the extent this supplemental filing is a separate objection, it is without merit.

V. CONCLUSION

After carefully reviewing the applicable laws, the record in this case, as well as the Report, this Court finds the Magistrate Judge's Report and Recommendation, (ECF No. 29), fairly and accurately summarizes the facts and applies the correct principles of law. Accordingly, the Court **adopts** the Report and Recommendation, (ECF No. 29), and **grants** the Defendant's Motion for Summary Judgment, (ECF No. 24).

IT IS SO ORDERED.

March 6, 2019  
Columbia, South Carolina

Joseph F. Anderson, Jr.  
United States District Judge